## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Justine Moore,<br>　　　　　　　Plaintiff<br><br>　　　v.<br><br>Merchants & Medical Credit<br>Corporation, Inc.,<br>　　　　　　　Defendant | Docket No. 3:21-cv-01724-MEM<br><br>(Judge Malachy E. Mannion)<br><br><br>ELECTRONICALLY FILED |

## PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

*s/ Brett Freeman*
Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
FREEMAN LAW
210 Montage Mountain Rd.
Moosic, PA 18507
P: (570) 589-0010
F: (570) 456-5955
brett@freeman.law

## Table of Contents

Table of Contents ..................................................................ii

Table of Authorities............................................................. iii

Introduction and Procedural History.......................................1

Statement of Facts ...............................................................1

Argument............................................................................2

   *I.  Elements that are not in dispute.*................................................5

   *II.  Defendant's conduct violated the FDCPA.* ...............................6

     a.  Defendant's conveyance of information to the Letter Vendor is a "communication" as defined by the FDCPA. ...................7

     b.  Defendant's communication to the Letter Vendor was "made in connection with the collection of [a] debt." .........................9

     c.  The exceptions contained in 15 U.S.C. § 1692c(b) clearly do not apply here. ........................................................16

Conclusion ........................................................................18

Table of Authorities

## Cases

*Ali v. Credit Corp. Sols.*, Inc.,
  2022 WL 986166 (N.D. Ill. Mar. 30, 2022)...................................5, 9

*Chatman v. GC Servs., LP*,
  57 F. Supp. 3d 560 (D.S.C. 2014) .......................................................8

*Douglass v. Outsourcing*,
  765 F.3d 299 (3rd Cir. 2014) .............................................................5

*Gburek v. Litton Loan Servicing LP*,
  614 F.3d 380 (7th Cir. 2010) ....................................................12, 14

*Grden v. Leikin Ingber & Winters PC*,
  643 F.3d 169 (6th Cir. 2011) ...........................................................14

*Hart v. FCI Lender Servs., Inc.*,
  797 F.3d 219 (2d Cir. 2015)..............................................................15

*Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*,
  17 F.4th 1016 (11th Cir. 2021), *reh'g en banc granted, opinion
  vacated,* 17 F.4th 1103 (11th Cir. 2021) ...........................3, 4, 8, 10

*Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*,
  994 F.3d 1341 (11th Cir. 2021), *opinion vacated and superseded on
  reh'g,* 17 F.4th 1016 (11th Cir. 2021), *reh'g en banc granted,
  opinion vacated,* 17 F.4th 1103 (11th Cir. 2021) ........................3, 4

*In re Dubois*,
  834 F.3d 522 (4th Cir. 2016) ...........................................................15

*Jackin v. Enhanced Recovery Co., LLC*,
  --- F.Supp.3d ---, 2022 WL 2111337 (E.D. Wash. June 10, 2022)5, 8

*Khimmat v. Weltman, Weinberg And Reis Co., LPA,*
    585 F. Supp.3d 707 (E.D. Pa. 2022) ......................................5, 8, 11

*McIvor v. Credit Control Servs., Inc.,*
    773 F.3d 909 (8th Cir. 2014) ............................................................15

*Simon v. FIA Card Servs., N.A.,*
    732 F.3d 259 (3d Cir. 2013)..............................................................15

*TransUnion LLC v. Ramirez,*
    141 S. Ct. 2190 (2021) .........................................................................3

*Venechanos v. Green Tree Servicing, LLC,*
    2015 WL 4356326 (M.D. Pa. July 14, 2015) ...................................15

## Statutes

15 U.S.C. § 1692a(2) .....................................................................................7

15 U.S.C. § 1692c(b) ...................................................................3, 13, 15

<u>Introduction and Procedural History</u>

This action arises from Defendant's decision to convey Plaintiff's personal information to a third-party entity—namely, a mailing company that Defendant contracts with to provide mailing services ("the Letter Vendor"). The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, specifically prohibits debt collectors, such as Defendant, from communicating with third parties while attempting to collect a debt, absent very limited exceptions not applicable here. Despite this clear prohibition, Defendant chose to provide Plaintiff's information to the Letter Vendor.

After learning about this improper conveyance of information, Plaintiff filed this lawsuit in the Lackawanna County Court of Common Pleas. Defendant removed the matter, and the parties participated in and completed discovery. Each party has filed a motion for summary judgment. Plaintiff now files this brief in support of her motion for summary judgment as to liability only.

<u>Statement of Facts</u>

Plaintiff, Justine Moore, is an individual (Statement of Undisputed Material Facts (hereinafter "SUMF") at ¶ 1.) Defendant

was attempting to collect a Kohl's credit card that was allegedly owed by Plaintiff ("the Account"). (SUMF at ¶¶ 2, 6, 9.) On or about August 23, 2021, Defendant sent a collection letter to Plaintiff ("the Letter"). (SUMF ¶ 7.) The Letter was an attempt to collect the Account. (SUMF ¶ 9.) However, Defendant did not mail the Letter to Plaintiff directly, and it instead utilized the Letter Vendor to mail the Letter to Plaintiff. (SUMF ¶ 10.) In order to facilitate the mailing of the Letter, Defendant sent information about Plaintiff and the Account to the Letter Vendor. (SUMF ¶¶ 11-12.) Defendant provided this information to the Letter Vendor to enable the Letter Vendor to mail the Letter to Plaintiff. (SUMF at ¶ 13.) The underlying purpose for Defendant sending Plaintiff's information to the Letter Vendor was to collect a debt from Plaintiff. (SUMF at ¶ 14.)

<u>Argument</u>

Plaintiff's claim is premised on the same theory initially endorsed by an Eleventh Circuit decision, *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021)(hereinafter *"Hunstein I"* ), *opinion vacated and superseded on reh'g,* 17 F.4th 1016 (11th Cir. 2021), *reh'g en banc granted, opinion vacated,* 17 F.4th 1103

(11th Cir. 2021). In the *Hunstein* cases, the Eleventh Circuit considered a claim brought under the FDCPA in which the consumer claimed that the debt collector violated the FDCPA when it communicated private information about his debt to a third-party mailing company. The mailing company then used that information to send a letter from the debt collector to the consumer.

The district court granted the defendant's motion to dismiss. However, the Eleventh Circuit reversed in *Hunstein I.* In doing so, it held that a communication between the debt collector and the mailing company was made "in connection with the collection of a debt." Thus, it held that the debt collector had improperly communicated with a third party regarding the debt, and that the debt collector had violated the FDCPA. 15 U.S.C. § 1692c(b).

After *Hunstein I* was released, the Supreme Court issued its decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). *TransUnion* was a case which simply involved the standing of parties to sue in federal court. However, the opinion included dicta which potentially called in to doubt whether a party would have standing to assert a *Hunstein I* claim. *Id.* at n.6.

3

The panel that decided *Hunstein I* then sua sponte vacated it and issued *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1016 (11th Cir. 2021) (hereinafter "*Hunstein II*"). The new opinion reaffirmed the original holding, and also extensively analyzed standing. Ultimately, *Hunstein II* determined that the consumer did have standing to pursue the claim, and again held that the conveying of information from the debt collector to the mailing company was made "in connection with the collection of any debt."

The Eleventh Circuit then issued a sua sponte *en banc* order vacating *Hunstein II*. In the subsequent *en banc* decision, the Eleventh Circuit dismissed the case for lack of standing. There was *no* discussion regarding the merits of the claim, and certainly no indication that a majority of the judges sitting *en banc* disagreed with the holding regarding the merits analysis—i.e., that the communication to the mailing vendor violated the FDCPA. Therefore, *Hunstein I* and *Hunstein II* are still persuasive regarding the *substantive FDCPA violation* (and are no longer good rule regarding standing). And, since the *Hunstein* appellate decisions were first issued, the only federal courts which have addressed the <u>*merits*</u> of the claims have held that the

alleged conduct states a claim for relief. *See, e.g., Khimmat v. Weltman, Weinberg and Reis Co., LPA*, 585 F. Supp.3d 707 (E.D. Pa. 2022); *Jackin v. Enhanced Recovery Co., LLC*, --- F. Supp.3d ---, 2022 WL 2111337 (E.D. Wash. June 10, 2022), and *Ali v. Credit Corp. Sols.*, Inc., 2022 WL 986166 (N.D. Ill. Mar. 30, 2022).

In order to prevail in a Fair Debt Collection Practices Act matter, Plaintiff only needs to satisfy four elements. Specifically, a plaintiff "must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Outsourcing*, 765 F.3d 299 (3rd Cir. 2014). Here, three of these four elements are not in dispute. Rather, the only element in dispute is whether Defendant violated the FDCPA. Plaintiff will briefly describe the elements that are not in dispute, and will then analyze why Defendant's conduct violated the FDCPA.

I.      *Elements that are not in dispute.*

As set forth in more detail in Plaintiff's Statement of Undisputed Material Facts, three of the four elements in this matter are not in

5

dispute. Specifically, there is no dispute of material fact that: (1) Plaintiff is a "consumer" as that term is defined in the FDCPA (SUMF ¶¶ 1-3), (2) Defendant is a "debt collector" as that term is defined in the FDCPA (SUMF ¶ 6), and (3) the alleged obligation that Defendant was attempting to collect from Plaintiff is a "debt" (SUMF ¶¶ 4-5). Thus, the first three elements needed to establish an FDCPA violation are already satisfied.

## II.    *Defendant's conduct violated the FDCPA.*

The primary issue in this case is a legal issue as to whether Defendant's conveyance of Plaintiff's personal information to the Letter Vendor constitutes a violation of the FDCPA. Plaintiff asserts that Defendant's conduct violates 15 U.S.C. § 1692c(b). This portion of the FDCPA regulates a debt collector's communications with third parties, and states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, *a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor,*

> *the attorney of the creditor, or the attorney of the*
> *debt collector.*

15 U.S.C. § 1692c(b)(emphasis added). Put simply, this statute prohibits

a debt collector from "communicating" with a third party "in connection

with the collection of any debt," except when very limited and specific

exceptions apply. As set forth below, Defendant's conveyance to the

Letter Vendor was a "communication" made in connection with the

collection of [a] debt," and none of the statute's exceptions apply to this

conveyance. As a result, Defendant's conduct violated 15 U.S.C.

§ 1692c(b).

> a. <u>Defendant's conveyance of information to the Letter
> Vendor is a "communication" as defined by the FDCPA.</u>

The FDCPA broadly defines a communication as "the conveying of

information regarding a debt directly or indirectly to any person

through any medium." 15 U.S.C. § 1692a(2). Here, Defendant

communicated with the Letter Vendor when it provided that entity with

the name of the current creditor, the name of the original creditor,

Defendant's account number for the debt, a description of the debt, the

current balance of the debt, the name of the debtor, the address of the

debtor, and details about a settlement offer Defendant was going to

make to Plaintiff. (SUMF at ¶ 12.) The Letter Vendor then used this

information to prepare the August 23, 2021 letter to Plaintiff. (SUMF at

¶ 7-11.) As a result, under the plain language of the statute, the

conveyance of information about Plaintiff and the debt to the Letter

Vendor was a "communication" as defined by the FDCPA. *See generally*

*Chatman v. GC Servs., LP*, 57 F. Supp. 3d 560, 567 (D.S.C.

2014)(recognizing that the clear majority of courts have held that

telephone messages which only stated the name of the debtor and

requested a return call constituted "communications" as defined by the

FDCPA).

Caselaw supports Plaintiff's position. Judge Wolson recently held

that a communication took place in a nearly identical situation in

*Khimmat v. Weltman, Weinberg and Reis Co., LPA*, 585 F.Supp. 3d 707

(E.D. Pa. 2022). Specifically, in denying a motion to dismiss, the court

followed the reasoning in *Hunstein II*, and held that "Weltman's

transmission of information to its letter vendor was a communication

under the FDCPA." This same holding was also made in *Jackin v.*

*Enhanced Recovery Co., LLC*, --- F. Supp.3d ---, 2022 WL 2111337 (E.D.

Wash. June 10, 2022), where the court held that it was "satisfied that

by transmitting details regarding [the consumer's] debt, [the debt collector] communicated debt-related information to [the Letter Vendor]." *See also Ali v. Credit Corp. Sols.*, Inc., 2022 WL 986166 (N.D. Ill. Mar. 30, 2022).

Here, the exact same analysis applies. Defendant admittedly conveyed information about Plaintiff's account to the Letter Vendor. This conveyance satisfies the very broad definition of communication that is contained in the FDCPA. Thus, the Court should hold that Defendant communicated with the Letter Vendor.

      b.  <u>Defendant's communication to the Letter Vendor was "made in connection with the collection of [a] debt."</u>

Next, for the FDCPA's third-party restriction to apply, the communication at issue must have been made "in connection with the collection of any debt." 15 U.S.C. § 1692c(b). Here, the communication between Defendant and the Letter Vendor *was* made in connection with the collection of a debt, because Defendant has admitted that the conveyance only occurred to allow the Letter Vendor to send a debt collection letter to Plaintiff.

This was a vital issue to the Eleventh Circuit's decision in *Hunstein*, where the court analyzed whether a communication to a

letter vendor looked at the plain meaning of the phrase "in connection with the collection of any debt." In doing so, the court stated:

> We begin with the plain meaning of the phrase "in connection with" and its cognate word, "connection." Dictionaries have adopted broad definitions of both. *Webster's Third* defines "connection" to mean **"relationship or association,"** *Connection*, Webster's Third New International Dictionary at 481 (1961), and the *Oxford Dictionary of English* defines the key phrase "in connection with" to mean **"with reference to [or] concerning,"** *In Connection With*, Oxford Dictionary of English at 369 (2010). Usage authorities further explain that the phrase **"in connection with" is "invariably a vague, loose connect-ive."** Bryan A. Garner, Garner's Dictionary of Legal Usage 440 (3d ed. 2011).

*Hunstein II*, 17 F.4th at 1034 (11th Cir. 2021) (emphasis added)(vacated *en banc*, and case dismissed on standing grounds). As the above-emphasized text shows, the phrase "in connection with" does not require a particularly strong relationship. Rather, a vague or loose relationship is sufficient for two items to be "in connection with" each other. Thus, based on the plain meaning of the statute, the *Hunstein II* court held:

> [The debt collector's] transmittal to [the mailing company] included specific details regarding [the consumer's] debt: *[the consumer's] status as a debtor, the precise amount of his debt, the entity to which the debt was owed,* and the fact that the debt concerned his son's medical treatment, among

other things. **It seems to us inescapable that [the debt collector's] communication to [the mailing vendor] at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection of [the consumer's] debt.** We thus hold that [the Consumer] has alleged a communication "in connection with the collection of any debt" as that phrase is commonly understood.

17 F.4th at 1034-35 (bold and italics added).

The *Khimmat* court likewise held that for purposes of determing whether a communication to a letter vendor violates the statute, "the phrase 'in connection with' is a broad one that implies some relationship or association, nothing more." *Khimmat v. Weltman, Weinberg and Reis Co., LPA*, 585 F.Supp. 3d 707, 712 (E.D. Pa. 2022). But, the court went even further, rejecting an argument by the debt collector that the phrase "in connection with the attempt to collect any debt" must mean "regarding" the collection of a debt" or "with respect to" the collection of debt. The court held that such an interpretation would render superfluous the exceptions contained in the statute. Specifically, the court held that § 1692c(b) "contemplates communications with a creditor or the creditor's attorney, a consumer reporting agency, and the debt collector's attorney. Communications with those groups will not

11

demand payment or motivate a consumer to pay a debt. Instead, they are communications that have a connection to the debt." 585 F. Supp. 3d at 712. And, the court ultimately held that it "must assume 'in connection with' adds some meaning beyond just the actual collection activity." *Id.* at 713. Thus, *Khimmat* strongly stands for the position that a communication made by a debt collector to a letter vendor is made "in connection with" the collection of a debt.

Caselaw outside of the letter-vendor-realm also demonstrates that the communication at issue here was made "in connection with" the collection of a debt. For example, in *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010), a debt collector retained a third party ("Titanium") to contact a consumer regarding a defaulted mortgage loan. The debt collector instructed Titanium to ask the consumer to provide the requested information directly to the debt collector. Titanium was not involved in receiving the information itself, nor in otherwise collecting the debt. Titanium was *not* itself a debt collector.

Pursuant to this arrangement, the debt collector sent information to Titanium, which Titanium used to prepare a letter to the consumer.

The letter, *inter alia,* asked the consumer to complete a "Financial Information Form" to be returned to the debt collector.

The consumer filed suit alleging three violations of the FDCPA, only one of which is relevant here.[1] The consumer argued that the debt collector "violated § 1692c(b) by communicating **with Titanium** about [the consumer's] mortgage without [the consumer's] consent." *Id.* at 383 (emphasis added). The debt collector argued that the communications at issue were not made "in connection with the collection of" a debt. The district court agreed, and held that only a communication which contains an explicit demand for payment would be covered by the statute.

The Seventh Circuit reversed. It noted that whether payment is explicitly demanded is only one factor to consider when determining whether a communication is made in connection with the collection of a debt. *Id.* at 385. And, the court held that the communication to Titanium "***plainly*** constitutes a communication in connection with the collection of a debt." *Id.* at 386 (emphasis added). It reached this holding

---

[1] The other claims involved allegations that the debt collector used deceptive means to obtain the consumer's personal information and that the debt collector improperly communicated with the consumer after it knew that she had an attorney.

even though the communication was not itself directed to the consumer, and instead led to a *subsequent* communication with the consumer. Thus, the Seventh Circuit held that the communication to Titanium was *in connection with the collection of a debt* because its animating purpose was to advance the debt collection efforts between the debt collector and the consumer.

*Gburek* is very similar to the present matter. Here, Plaintiff alleges that a communication between the debt collector (Respondents) and a third party (the Letter Vendor) was made in connection with the collection of a debt. And, as in *Gburek*, this communication ultimately led to a collection attempt being made directly on the debtor—i.e., when the collection letter was sent by the Letter Vendor to Plaintiff on Respondents' behalf. This Court should follow the well-reasoned *Gburek* decision, and hold that a communication to a third party is a communication made in "connection with the collection of" a debt if the animating purpose of the communication is a collection attempt on the consumer.

*Gburek* has been widely followed by circuit courts. *See, e.g., Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *In re*

*Dubois*, 834 F.3d 522, 527 (4th Cir. 2016); *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014); *see generally Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 226 (2d Cir. 2015). And, although the Third Circuit has not yet explicitly adopted this test, it has cited favorably to *Gburek* for this issue. *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 267 (3d Cir. 2013)(noting the "consistent analysis" from other circuits regarding the animating purpose test, and holding that a letter sent in connection with a bankruptcy examination was a communication in connection with the collection of a debt even without an explicit demand for payment).

Judge Nealon decided a similar issue in *Venechanos v. Green Tree Servicing, LLC*, 2015 WL 4356326 (M.D. Pa. July 14, 2015). There, the consumer alleged that a debt collector violated 15 U.S.C. § 1692c(b) when it shared her information with a third party for marketing purposes. Judge Nealon determined that a communication from the debt collector to the third party could constitute a communication in connection with the collection of a debt. *Id.* at *10. In doing so, he held that "it is plausible that an animating purpose of [the debt collector's] communication with an unauthorized third party at issue was to induce

15

[the consumer] into using [the marketed] products or services in relation to a future payment on the debt." *Id. Venechanos* is very similar to the present matter, and further supports the conclusion that Defendant's conveyance of information to the Letter Vendor was a communication made in connection with the collection of a debt.

Here, Defendant has admitted that the underlying purpose of its communication to the Letter Vendor was to collect a debt from Plaintiff. (SUMF at ¶¶ 13-14.) Thus, the Court should hold that Defendant's communication to the Letter Vendor was made "in connection with" the collection of a debt.

c.  <u>The exceptions contained in 15 U.S.C. § 1692c(b) clearly do not apply here.</u>

As discussed above, Defendant "communicated" with the Letter Vendor, and this communication was made "in connection with" the collection of a debt. Additionally, this communication does not fit within any of the exceptions contained within 15 U.S.C. § 1692c(b).

These exceptions allow a debt collector to communicate with a third party if the debt collector has prior express consent from the consumer, permission from a court of competent jurisdiction, or as reasonably necessary to effective a postjudgment judicial remedy.

16

However, here, there can be no doubt that these exceptions do not apply. There has never been a judgment entered against Plaintiff regarding the alleged debt, nor was permission ever given to Defendant by a Court of competent jurisdiction to communicate with the Letter Vendor. And, Defendant has admitted that Plaintiff did not provide it with permission to share her personal information with the Letter Vendor. (SUMF at ¶ 18.)

The only other exceptions permitted by the statute allow third-party communications to be made to certain types of entities. Specifically, a communication may be made to "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). Here, these exceptions also clearly do not apply, as the communication was made to a third-party mailing service to enable that entity to mail a collection letter to Plaintiff. The only one of these exceptions which could even *feasibly* apply was if the Letter Vendor was also Defendant's attorney, but here Defendant has admitted that such a relationship did not exist. (SUMF at ¶ 17.) Thus,

the Court should easily be able to determine that the exceptions contained in 15 U.S.C. § 1692c(b) do not apply here.

Conclusion

As discussed above, Defendant's conveyance of information to the Letter Vendor satisfies the FDCPA's broad definition of a "communication." Specifically, the conveyance included personal information about Plaintiff, as well as information directly related to the alleged debt. Caselaw clearly demonstrates that providing this type of information constitutes a communication.

Next, the communication was also made "in connection with" the collection of a debt. Defendant has admitted that the only purpose of the conveyance to the Letter Vendor was to collect a debt from Plaintiff, and that the information was provided to enable the Letter Vendor to send the Letter to Plaintiff.

Finally, none of the exceptions contained within 15 U.S.C. § 1692c(b) apply to Defendant's communication to the Letter Vendor. Thus, for the foregoing reasons, the Court should hold that Defendant's

conduct violated the FDCPA, and enter a judgment in Plaintiff's favor

as to liability.

*s/ Brett Freeman*
Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
FREEMAN LAW
210 Montage Mountain Rd.
Moosic, PA 18507
P: (570) 589-0010
F: (570) 456-5955
brett@freeman.law

## CERTIFICATE OF COMPLIANCE

The foregoing brief contains 4,081 words.

*s/ Brett Freeman*
Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
FREEMAN LAW
210 Montage Mountain Rd.
Moosic, PA 18507
P: (570) 589-0010
F: (570) 456-5955
brett@freeman.law