UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINE MOORE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MERCHANTS & MEDICAL<br>CREDIT CORPORATION, INC.,<br><br>　　　　Defendant. | Case No. 3:21-CV-01724-MEM<br><br>JUDGE MALACHY E. MANNION |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1.　　Plaintiff, Justine Moore ("Moore"), is an individual who, when the collection letter that is the subject of this lawsuit was mailed, resided at 1707 Elizabeth Street in Scranton, Pennsylvania. (Affidavit of Justine Moore at §§ 1-3.)

**RESPONSE**:　　Uncontested.

2.　　Plaintiff was allegedly obligated on a debt regarding a Kohl's chard card ("the Account"). (Moore Affidavit at § 4.)

**RESPONSE**:　　Uncontested.

3.　　Plaintiff is a "consumer," as that term is defined in 15 U.S.C. § 1692a(3).

**RESPONSE**:　　Uncontested.

1

4. The Account was only used for personal, family, or household purposes. (Moore Affidavit at §§ 4-6.)

**RESPONSE**: Uncontested.

5. The Account is a "debt" as that term is defined in 15 U.S.C. § 1692a(5).

**RESPONSE**: Uncontested.

6. Defendant, Merchants & Medical Credit Corporation, Inc. is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6). (Defendant's Response to Request for Admission 4, attached to the Affidavit of Brett Freeman.)

**RESPONSE**: Uncontested.

7. On or about August 23, 2021, Defendant sent a collection letter to Plaintiff ("the Letter"). (Compl. § 25; Ans. § 25.)

**RESPONSE**: Uncontested.

8. A copy of the Letter is attached to the Complaint as Exhibit A. (Compl. § 25; Ans. § 25.)

**RESPONSE**: Uncontested.

9. The Letter was an attempt to collect the Account. (Defendant's Response to Request for Admission 15.)

**RESPONSE**:   Uncontested, with regard to Plaintiff (not Hatteras).

10.   However, Defendant did not itself mail the Letter to Plaintiff. Instead, Defendant utilized a third-party mailing vendor, Hatteras, Inc. ("Hatteras"), to mail the Letter to Plaintiff on its behalf. (Deposition Transcript of Defendant's Corporate Designee, Gregory Church, at pp. 26:22-27:8; Defendant's Responses to Requests for Admissions 9-10.)

**RESPONSE**:   Denied, in part. MMCC agrees that Hatteras is an outside vendor but denies that Hatteras is a "third-party" as contemplated by the FDCPA. Insofar as MMCC solely dictates which letters Hatteras prints and mails on its behalf, and when, and Hatteras has no authority to print and mail any other letters for MMCC, Hatteras is an agent of MMCC. (See, Church Declaration, ¶¶ 10-11, 15. ECF 21-2: Defendant's Responses to Requests for Admissions 7, 9-10). The remaining portions of this statement are uncontested.

11.   In order to facilitate the mailing of the Letter, Defendant sent information about Plaintiff to Hatteras. (Church Dep. at pp. 28:8- 22.)

**RESPONSE**:   Denied. This statement mischaracterizes Church's testimony. MMCC sent information to Hatteras so it could populate the fields in the letter template. (Church Dep. at pp. 37:7- 25; 38:1-21.)

12. The information Defendant provided about Plaintiff to Hatteras included the name of the current creditor, the name of the original creditor, Defendant's account number for the debt, a description of the debt, the current balance of the debt, the name of the debtor, the address of the debtor, and details about a settlement offer. (Church Dep. pp. 37:6-39:24; Ex. A to the Complaint.)

**RESPONSE**: Denied, in part. This statement mischaracterizes Church's testimony as it relates to the encrypted data file including "details about a settlement offer." The file contains raw data that is inserted into a pre-defined letter template via automated means. The file, itself, does not contain verbiage or details regarding a settlement offer – that information is part of the existing letter template. (Church Dep. p. 37:7-25; 38:11-21). The remaining portions of this statement are uncontested.

13. Defendant provided Plaintiff's information to Hatteras to enable Hatteras to send the Letter to Plaintiff. (Church Dep. p. 56:7-13.)

**RESPONSE**: Uncontested.

14. Defendant's underlying purpose for sending Plaintiff's information to Hatteras was to collect a debt from Plaintiff. (Church Dep. p. 56:14-16.)

**RESPONSE**:   Denied. The encrypted data file at issue was electronically transmitted to Hatteras so it could print and mail correspondence from MMCC to Plaintiff. See, ECF 23: *Church Declaration*, ¶¶ 4, 6-8,12 and 14.

15.   Defendant does not know what Hatteras's procedures are after Hatteras receives information that Defendant about consumers. (Church Dep. at p. 30:12-23.)

**RESPONSE**:   Denied. This statement mischaracterizes Church's testimony. Plaintiff's counsel asked Church "what happens to the file once it is transmitted to Hatteras?" (Church Dep. at p. 30: 12-13). Church testified that Hatteras would be in the best position to explain its internal procedures. *Id.*, line 14. Plaintiff's counsel then asked, "So Merchants & Medical doesn't know what Hatteras does with the information after it's transmitted to Hatteras? (*Id.*, lines 15-17). Church, in turn, and subject to defense counsel's form and foundational objections, testified that while he does not "know what Hatteras' procedures are exactly[,]" Hatteras provides MMCC with copies of the third-party SOC audit that Hatteras performs each year, which "outlines the controls that they have in place on protecting

5

consumer information ...". (*Id.*, lines 18-20; 31:16-20; 32:25; 33:1-2; see also, Church Declaration at ¶ 21).

16. Defendant does not own Hatteras. (Defendant's Response to Request for Admission 16.)

**RESPONSE**:   Uncontested.

17. Hatteras was not Defendant's attorney. (Defendant's Response to Request for Admission 17.)

**RESPONSE**:   Uncontested.

18. Plaintiff never provided Defendant with permission to share her information with Hatteras. (Church Dep. p. 65:3-11; Moore Affidavit at § 8.)

**RESPONSE**:   Denied. Church testified that MMCC's account notes "don't show that we had any communication with Plaintiff." (Church Dep. p. 65:3-11). That was the extent of his testimony. Further, while Plaintiff denies that she ever provided Defendant with permission to share her information with Hatteras, Plaintiff acknowledged that she reviewed the disclosures provided by Kohl's when she signed up for the credit card and understood her personal information would be shared with others for business reasons. (Moore Dep 25:11-14; 29:3-14).

6

## **DEFENDANT'S COUNTER-STATEMENT OF MATERIAL FACTS**

1. To compile the list of letters that need to be processed and mailed on any given business day, MMCC's server automatically creates a data file from its system of record which is electronically transmitted to Hatteras for processing. (Church Declaration, ¶ 12).

2. All data files sent from MMCC to Hatteras are safeguarded and fully encrypted from point-to-point to prevent interception, access or disclosure by any unauthorized third-party. (Church Declaration, ¶ 16).

3. Hatteras processes the file and produces the corresponding letters using a digital print press, which are then inserted into a sealed envelope and mailed to the designated recipient. (Church Declaration, ¶ 18).

4. Hatteras is not authorized to print or mail any other letters on behalf of MMCC. (Church Declaration, ¶ 19).

5. Plaintiff reviewed the disclosures provided by Kohl's when she applied for the credit card and expressly understood that her personal information would be shared with others. (Moore Dep 25:11-14; 29:3-14).

6. Plaintiff cannot identify any employee at Hatteras who accessed, used or retained her personal information. (Moore Dep. pg. 27:12-24).

7. Plaintiff cannot identify any person, by name, who accessed, used or retained her personal information. (Moore Dep. pg. 27:12-24).

8. Plaintiff does not believe that her personal information was shared publicly. (Moore Dep. pg. 27:12-24).

9. Plaintiff has no evidence that her personal information was shared publicly. (Moore Dep. pg. 27:12-24).

Dated: March 23, 2023                                  Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson, *Pro Hac Vice*
OLSON LAW GROUP
P.O. Box 64
Hartland, MI 48353
(734) 255-6908
colson@olsonlawpc.com