# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Justine Moore,<br>                    Plaintiff | Docket No. 3:21-cv-01724-MEM |
| | (Judge Malachy E. Mannion) |
| v. | |
| | ELECTRONICALLY FILED |
| Merchants & Medical Credit<br>Corporation, Inc.,<br>                    Defendant | |

## ANSWER TO DEFENDANT'S STATEMENT OF FACTS

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied. The evidence referenced to support this paragraph contradicts the testimony of Defendant's designee, who testified that Defendant does not know what Hatteras does with the information after it is transmitted to Hatteras:

```
12 Q.    Okay.  And what happens with the file once it
13       is transmitted to Hatteras?
14 A.    You would have to ask Hatteras.
15 Q.    So Merchants & Medical doesn't know what
16       Hatteras does with the information after it's
17       transmitted to Hatteras?
18              MS. OLSON:  Objection.  Form and
19       foundation.
20 A.    I don't know what their procedures are exactly.
21 Q.    Is there anyone at Merchants & Medical who
22       would know what their procedures are?
23 A.    Not to my knowledge.
```

(Church Dep. at p. 30:12-23.) A contradictory affidavit produced for summary judgment violates the sham-affidavit doctrine. *Daubert v. NRA Group, LLC*, 861 F.3d 382 (3d Cir. 2017).

15.     Denied. The evidence referenced to support this paragraph contradicts the testimony of Defendant's designee, who testified that there is no written agreement between Defendant and Hatteras.

```
 6 Q.    And have you ever seen a contract between
 7       Merchants & Medical and Hatteras?
 8 A.    We don't -- we do not have a -- we don't have a
 9       contract with them.
10 Q.    Okay.  Without a contract, how do you determine
11       the amount that Merchants & Medical has to pay
12       Hatteras for the sending of a letter?
13 A.    That information was negotiated -- most prices
14       were negotiated with the owner.
15 Q.    But you don't think they were ever memorialized
16       into a contract?
17 A.    I've been told that they were not.
```

(Church Dep. at p. 42:6:17.) It would thus be contradictory for Defendant to now state with certainty that any limitations exist regarding Hatteras's use of information. Furthermore, any such limitations clearly could not be contractual or enforceable. A contradictory affidavit produced for summary judgment violates the sham-affidavit doctrine. *Daubert v. NRA Group, LLC*, 861 F.3d 382 (3d Cir. 2017).

16.    The referenced document has not been produced in discovery, and Plaintiff therefore objects to any reference to the alleged audit.

17.    The referenced document has not been produced in discovery, and Plaintiff therefore objects to any reference to the alleged audit.

18.     Denied as a conclusion of law. To the extent a further response is required, denied. It is unclear what MMCC is referring to be an "unauthorized person." There can be no doubt that the information transmitted from MMCC to Hatteras was accessed by Hatteras to prepare the August 23, 2021 letter to Plaintiff. As this disclosure is not permitted by the Fair Debt Collection Practice Act, such a disclosure could be considered "unauthorized."

19.     Denied. There can be no doubt that the information transmitted from MMCC to Hatteras was accessed by Hatteras to prepare the August 23, 2021 letter to Plaintiff.

*s/ Brett Freeman*
Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
FREEMAN LAW
210 Montage Mountain Rd.
Moosic, PA 18507
P: (570) 589-0010
F: (570) 456-5955
brett@freeman.law
