# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Justine Moore,<br>　　　　　Plaintiff<br><br>　　v.<br><br>Merchants & Medical Credit<br>Corporation, Inc.,<br>　　　　　Defendant | Docket No. 3:21-cv-01724-MEM<br><br>(Judge Malachy E. Mannion)<br><br>ELECTRONICALLY FILED |

## **RESPONSE TO DEFENDANT'S COUNTER-STATEMENT OF FACTS**

In its answer to Plaintiff's Statement of Undisputed Material Facts, Defendant has asserted a Counter-Statement of Facts. The local rules do not permit the filing of a Counter-Statement of Facts, instead merely permitting a party to file a *response* to the Statement of Undisputed Material Facts proffered by the moving party. Thus, Defendant's Counter-Statement of Facts should not be considered. However, to avoid any argument that Plaintiff consents to the statements advanced by Defendant, Plaintiff responds as follows:

　　1.　　Admitted.

　　2.　　Admitted.

3. Denied. The evidence referenced to support this paragraph contradicts the testimony of Defendant's designee, who testified that Defendant does not know what Hatteras does with the information after it is transmitted to Hatteras:

```
12  Q.    Okay.  And what happens with the file once it
13        is transmitted to Hatteras?
14  A.    You would have to ask Hatteras.
15  Q.    So Merchants & Medical doesn't know what
16        Hatteras does with the information after it's
17        transmitted to Hatteras?
18              MS. OLSON:  Objection.  Form and
19        foundation.
20  A.    I don't know what their procedures are exactly.
21  Q.    Is there anyone at Merchants & Medical who
22        would know what their procedures are?
23  A.    Not to my knowledge.
```

(Church Dep. at p. 30:12-23.) A contradictory affidavit produced for summary judgment violates the sham-affidavit doctrine. *Daubert v. NRA Group, LLC*, 861 F.3d 382 (3d Cir. 2017).

4. Denied. The evidence referenced to support this paragraph contradicts the testimony of Defendant's designee, who testified that there is no written agreement between Defendant and Hatteras.

```
 6 Q.    And have you ever seen a contract between
 7       Merchants & Medical and Hatteras?
 8 A.    We don't -- we do not have a -- we don't have a
 9       contract with them.
10 Q.    Okay.  Without a contract, how do you determine
11       the amount that Merchants & Medical has to pay
12       Hatteras for the sending of a letter?
13 A.    That information was negotiated -- most prices
14       were negotiated with the owner.
15 Q.    But you don't think they were ever memorialized
16       into a contract?
17 A.    I've been told that they were not.
```

(Church Dep. at p. 42:6:17.) It would thus be contradictory for Defendant to now state with certainty that any limitations exist regarding how Hatteras can use the information. Furthermore, any such limitations clearly could not be contractual or enforceable. A contradictory affidavit produced for summary judgment violates the sham-affidavit doctrine. *Daubert v. NRA Group, LLC*, 861 F.3d 382 (3d Cir. 2017).

  5. Denied as stated. It is admitted that Plaintiff understood that she would receive statements regarding her Kohl's card, and that she understood that Kohl's would share her information in order to allow her to obtain a credit card.

  6. Denied, as the evidence cited by Defendant does not support this allegation. However, Plaintiff's claim is premised on the conveyance

3

of information by Defendant to Hatteras, not to an employee of Hatteras.

7. Denied. It is undisputed that Hatteras received and used Plaintiff's personal information to prepare the collection letter to her.

8. Admitted with the following qualification: Plaintiff believes that her information was shared by Defendant with Hatteras.

9. Admitted with the following qualification: Plaintiff information was shared by Defendant with Hatteras.

*s/ Brett Freeman*
Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
FREEMAN LAW
210 Montage Mountain Rd.
Moosic, PA 18507
P: (570) 589-0010
F: (570) 456-5955
brett@freeman.law
