UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINE MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>MERCHANTS & MEDICAL<br>CREDIT CORPORATION, INC.,<br><br>    Defendant. | Case No. 3:21-CV-01724-MEM<br><br>JUDGE MALACHY E. MANNION |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS <u>MOTION FOR SUMMARY JUDGMENT</u>

This case follows MMCC's lawful use of an outsourced service provider ("letter vendor") to print and mail routine debt correspondence to a consumer. Plaintiff asserts that MMCC, a debt collector, cannot outsource these tasks because transmission of an encrypted data file to a letter vendor containing the information needed to complete such tasks, qualifies as a prohibited communication under 15 U.S.C. § 1692c(b).

As argued in MMCC's opening brief, Plaintiff's novel and opportunistic argument is contrary to the text, purpose and legislative history of the FDCPA. The incidental contacts at issue here are easily distinguishable from the type of abusive debt collection practices the

FDCPA seeks to prevent. See, *Congressional Findings and Declaration of Purpose*, 15 U.S.C. § 1692. Prohibiting ethical debt collectors from using outside vendors to perform routine, ministerial duties on their behalf in the ordinary course of business is also directly contrary to one of Congress' other stated purposes – ensuring that debt collectors, such as MMCC, who refrain from using abusive debt collection practices are not competitively disadvantaged. *Id*. Plaintiff does not address the stated purposes of the Act in her opposition brief, much less how a ruling in her favor would further such purposes, which is especially telling.

More importantly, while the parties disagree as to whether mere transmission of an encrypted data file to a vendor and agent of MMCC for processing even qualifies as an actionable "communication", Plaintiff has not and cannot establish that MMCC's communication was made *in connection with the collection of any debt*. Plaintiff's failure to show this necessary connection is fatal to her claims; therefore, MMCC is entitled to entry of summary judgment in its favor.

## **ARGUMENT**

As an initial matter, the relevant exchange that must be examined by the Court is the transmission of the encrypted data file from MMCC to

Hatteras, not the letter that was mailed to Plaintiff on MMCC's behalf. Contrary to Plaintiff's assertions, MMCC's contacts with Hatteras for the sole purpose of providing information needed by Hatteras to print and mail business correspondence on MMCC's behalf do not violate § 1692c(b). Therefore, MMCC's communication with Hatteras was not "made in connection with the collection of any debt." Consequently, Plaintiff's claim fails as a matter of law on summary judgment.

Importantly, § 1692c(b) prohibits debt collectors from communicating debt information to a third party, *in connection with the collection of any debt*, except in limited circumstances. Thus, the plain and unambiguous language used in this section makes clear that the Act does not apply to every communication made by a debt collector. Despite this important limitation, Plaintiff's interpretation of the phrase "in connection with the collection of a debt" has no discernable boundaries. Plaintiff's tortured interpretation finds no support in the Act or the factual record to be sure.

MMCC does not dispute that the phrase "in connection with the collection of a debt" is broad. But this phrase has limits, as the Third Circuit has consistently recognized. *Simon v. FIA Card Services, N.A.*, 732 F.3d 259 (3d Cir. 2013); *McLaughlin v. Phelan Hallinan & Smieg*, LLP, 756 F.3d

240 (3d Cir. 2013); cert denied, 135 S.Ct. 487 (2014); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364 (3rd Cir. 2011). At bottom, the animating purpose of the communication at issue must be to induce payment by the debtor. *Simon, supra*; *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010); *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169 (6th Cir. 2011). Both cases, frequently cited with approval by the Third Circuit, analyze if the communication at issue demanded payment, the nature of the relationship between the parties, and whether the objective purpose and context of the communication was to induce payment. Here, the answers to each one of these questions decidedly weigh in MMCC's favor.

First, Plaintiff does not allege that MMCC made a demand for payment when it transmitted the file to Hatteras, nor would it make sense for MMCC to demand payment from a third party that has no relationship to Plaintiff.

Second, the nature of the parties' relationship shows that the purpose of MMCC's transmission was not to induce payment. The relationship between MMCC and Hatteras was based entirely on Hatteras' completion of ministerial tasks, as and when directed by MMCC. Plaintiff does not and cannot allege that she had a relationship with Hatteras such that MMCC's

transmission of data to Hatteras would have induced her or Hatteras to pay the debt. This makes MMCC's incidental contacts with Hatteras easily distinguishable from communications made to a consumer's spouse, employer or attorney all of which could and very likely would serve to induce payment.

Finally, the purpose and context of the transmission was not to induce payment. The transmission was made in the ordinary course of business and the data was used to populate the letter template selected by MMCC. These facts, viewed objectively, confirm that the purpose and context of the MMCC's transmission to Hatteras was to provide necessary information to populate a letter and nothing more. Plaintiff, herself, acknowledges as much in her response. See ECF 36: Plaintiff's Response, Statement of Facts, pg. 5 ("Defendant transmitted information about Plaintiff to Hatteras to enable Hatteras to send a letter to Plaintiff on Defendant's behalf."). For these reasons, MMCC's transmission of information to Hatteras was not made in connection with the collection of any debt and did not, therefore, violate § 1692c(b).

## III. CONCLUSION

Plaintiff's bizarre interpretation of §1692c(b) leads to absurd results plainly at odds with the letter and spirit of the Act. The FDCPA does not prevent incidental communications between a debt collector and a service provider retained to perform routine business tasks on its behalf. The Court should, therefore, deny Plaintiff's motion and grant summary judgment in favor of MMCC.

Dated: May 1, 2023

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson, *Pro Hac Vice*
OLSON LAW GROUP
P.O. Box 708
Saline, MI 48176
(734) 255-6908
colson@olsonlawpc.com